# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:17-CR-00077-JDK** |
| **v.** § | |
| § | |
| § | |
| **GARLAND RAY WILEY JR,** § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 22, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Garland Ray Wiley Jr. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on total offense level 25 and criminal history category of VI, was 110 to 137 months. On June 12, 2018, U.S. District Judge Ron Clark of the Eastern District of Texas sentenced Defendant to 70 months imprisonment, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse treatment and testing, and obtain a high school equivalency certificate. On December 14, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On September 24, 2019, this case was assigned to U.S. District Judge Jeremy D. Kernodle.

Under the terms of supervised release, after Defendant initially reported to the probation office and received instructions from the court or the probation officer about how and when he must report to the probation officer, Defendant was then required to report to the probation officer as instructed. In its petition, the government alleges, among other allegations, that Defendant violated his conditions of supervised release on two occasions. First, the government alleges that Defendant violated his conditions of supervised release when he failed to submit a monthly supervision report as instructed for the months of June 2023 and July 2023. Second, the government alleges that Defendant violated his conditions of supervised release when he failed to report to the Tyler Supervision Office as instructed on July 28, 2023; August 1, 2023; August 2, 2023; August 15, 2023; and August 17, 2023.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to submit monthly supervision reports and failing to report as instructed to the Tyler Supervision Office, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of time served with two years supervised release to follow.  The court agrees that such a departure from the advisory guideline range is appropriate here because Defendant has already served more than a year on alleged state offense conduct that formed the basis of one of the allegations in the

instant petition. Ultimately, the state charge was dismissed. Further incarceration at this point would serve no legitimate penal interest and would likely result in incarceration beyond the upper end of the applicable advisory guideline range.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to time served with two years supervised release to follow. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of August, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE