### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:17-CR-00077-JDK** |
| **v.** § | |
| § | |
| § | |
| **GARLAND RAY WILEY JR,** § | |
| § | |

### REPORT & RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On December 12, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Garland Ray Wiley Jr. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on total offense level 25 and criminal history category of VI, was 110 to 137 months. On June 12, 2018, U.S. District Judge Ron Clark of the Eastern District of Texas sentenced Defendant to 70 months imprisonment, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse treatment and testing, and obtain a high school equivalency certificate. On December 14, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On September 24, 2019, this case was assigned to U.S. District Judge Jeremy D. Kernodle.

On May 19, 2022, Defendant's conditions of supervised release were modified to include the condition that he reside at a residential reentry center for a period of 180 days upon release from confinement. On August 26, 2024, the term of supervised release was revoked and Defendant was sentenced to a term of time served but to retain in custody until he was able to be admitted to the local residential reentry center. The special conditions of mental health treatment and medication were imposed along with the condition that he reside at a residential reentry center upon release for custody for a period of 180 days. On September 10, 2024, Defendant began his second term of supervised release.

Under the terms of supervised release, Defendant was required to work full time (at least thirty hours per week) at a lawful type of employment, unless the probation officer excused Defendant from doing so. Additionally, if Defendant did not have full-time employment, he must try to find full-time employment, unless the probation officer excuses Defendant from doing so. In its petition, the government alleges that Defendant violated his conditions of supervised release when he failed to work full time at a lawful type of employment since his release on September 10, 2024.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to obtain employment, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 9 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 9 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be either FCI Beaumont, Texas; FCI Texarkana, Texas; or FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of December, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE